IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**AMANDA HARMON,**

                **Petitioner,**

    v.                                                  **CASE NO. 20-3206-SAC**

**18th JUDICIAL DISTRICT,**

                **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF Doc. 1.) Petitioner proceeds pro se and requests leave to proceed in forma pauperis. The Court has reviewed the petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254 and finds that it is subject to dismissal because Petitioner has not exhausted her state remedies.

### Background

Petitioner was convicted on her guilty plea in the District Court of Sedgwick County and was sentenced to probation. She seeks relief on the grounds that she was coerced into signing the plea agreement, that there was a lack of evidence to support her conviction, and that the Highway Patrol officer behaved suspiciously.

Petitioner has not appealed her conviction in state court, nor has she filed a state post-conviction action.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

Under 28 U.S.C. § 2254(b)(1), the Court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) she has exhausted the remedies available to her in state court or (2) the state corrective process is either unavailable or ineffective. The exhaustion requirement provides the state courts "an opportunity to act on [the prisoner's] claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion prerequisite, Petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" when the failure to exhaust such remedies appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

Because it is apparent from the petition that Petitioner has not presented her claims to the state courts, and because it appears that state court remedies are available, the Court will direct her to show cause why this matter should not be dismissed to allow her to pursue that relief.

**Conclusion**

The Court directs Petitioner to show cause why this action should not be summarily dismissed without prejudice for failure to exhaust the remedies available to her in the Kansas courts.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **August 24, 2020**, to show cause why this matter should not be dismissed as barred by the exhaustion requirement. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

**DATED:  This 7th day of August, 2020, at Topeka, Kansas.**

        s/  Sam A. Crow
        **SAM A. CROW**
        **U.S. Senior District Judge**